# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHARLES ASHFORD**                                                            **PETITIONER**

**V.**               **NO. 4:22-CV-00827-JM-ERE**

**STATE OF ARKANSAS**[1]                                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.      Background

Charles Ashford, a pretrial detainee in the W.C. Brassell Adult Detention Center in Pine Bluff, Arkansas ("Detention Center"), has filed a Petition for Writ of

---

[1] Because Mr. Ashford is incarcerated in the W.C. "Dub" Brassell Detention Center in Jefferson County, Arkansas, the proper Respondent is "Lafayette Woods, Sheriff, Jefferson County, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); Ark. Code Ann. § 12-41-502 (the county sheriff "shall have the custody, rule, and charge of the jail within his or her county and all prisoners committed in his or her county").

Accordingly, the Clerk of the Court is directed to change Respondent to "Lafayette Woods, Sheriff, Jefferson County, Arkansas."

Habeas Corpus challenging his current custody and criminal charges pending against him in state court.[2] *Doc. 1*.

On September 13, 2022, Mr. Ashford filed the federal habeas petition now before the Court. *Doc. 1*. He asserts that: (1) he is being held on an illegal, excessive bond that he has no way to pay; (2) there is insufficient evidence to support the charges filed against him; and (3) several motions he submitted for filing in state court have not been processed. *Id.* at 2, 6. For relief, Mr. Ashford asks that he be acquitted and released from custody. *Id.* at 13.

For the reasons explained below, Mr. Ashford's habeas petition should be dismissed without prejudice.

### III. Discussion

District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. In conducting this review, the district court has a duty

---

[2] The petition invokes 28 U.S.C. § 2254. However, because Mr. Ashford challenges his pretrial detention on pending charges, his petition is properly construed as requesting relief pursuant to 28 U.S.C. § 2241. See *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) ("Pretrial [habeas] petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.") (internal quotations and citation omitted).

to decide whether it has subject matter jurisdiction to entertain the petition. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"). In addition, the district court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

Public records[3] show that Mr. Ashford is being held at the Detention Center awaiting trial on two counts of aggravated assault on two employees of a correctional facility. The charges are filed in separate cases. See *State v. Ashford*, No. 35CR-20-516 (Cir. Ct. Jefferson Cnty, Ark.); *State v. Ashford*, No. 35CR-20-379 (Cir. Ct. Jefferson Cnty, Ark.). In both cases, Mr. Ashford is represented by the same lawyer and a jury trial is set to begin on January 19, 2023.

First, it is clear from the face of Mr. Ashford's petition that he is not entitled to federal habeas relief at this time. For example, Mr. Ashford's argument that there is insufficient evidence to convict him is premature. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."

---

[3] The Court has reviewed state court records, available at the Arkansas Administrative Office of the Courts Public CourtConnect Website, accessible at https://www.arcourts.gov. The Court has also reviewed the publicly available inmate roster for the Detention Center, available at the Jefferson County Sheriff's Office website, accessible at https://www.jeffcoso.org/roster. (last accessed on September 28, 2022).

*Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (citation omitted).

Second, Mr. Ashford must fully exhaust his state court remedies *before* he can initiate a federal habeas action raising federal constitutional claims.[4] *See* 28 U.S.C. § 2254(b)(1)(A). To fully exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. See *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). This exhaustion requirement applies not only to habeas petitions challenging state-court convictions following a trial or guilty plea, but also to habeas petitions challenging a *pending* or *future* state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986) (requiring exhaustion concerning a § 2241 petition). Because Mr. Ashford has not yet proceeded to trial on the pending state criminal charges, he clearly has *not* exhausted his state court remedies.

Mr. Ashford concedes that he has not exhausted his administrative remedies, but he argues that the State "refused to allow" him to do so. *Id. at 1*. Exceptional

---

[4] To the extent Mr. Ashford's claims are based on questions of state law, this Court has no authority to even consider them. Federal habeas review focuses on whether the Constitution, laws, or treaties of the United States have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts are not permitted "to reexamine state-court determinations on state-law questions." *Id*. Thus, Mr. Ashford's allegations of state authorities failing to comply with state laws are not cognizable in a federal habeas action under either § 2241 or § 2254.

circumstances, such as futility, may, in rare cases, excuse a petitioner from complying with the exhaustion requirement. See *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010) ("A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."). However, based on a review of the state-court record and Mr. Ashford's petition, there are no facts to suggest any exceptional circumstances that would even arguably excuse exhaustion.

Notably, Mr. Ashford is represented by counsel in the pending criminal cases, so the trial court is not even required to consider his *pro se* submissions. See *Monts v. Lessenberry*, 806 S.W.2d 379, 382 (Ark. 1991) (holding that a trial court may exercise discretion to strike a *pro se* motion by a defendant represented by counsel). Mr. Ashford does not allege that he has talked to his lawyer about filing a motion to lower his bail. If such a motion is filed and denied, the adverse ruling can be appealed. See *Trujillo v. State*, 483 S.W.3d 801 (Ark. 2016) ("The remedy of the writ of certiorari is appropriate to review bail-bond proceedings."). Mr. Ashford can raise his various federal claims in his state trial, and, if convicted, during appeal and post-conviction proceedings.

Third, federal courts generally must abstain from the exercise of § 2241 jurisdiction if the issues raised in a habeas petition may be resolved either by trial on the merits in the state court proceeding or by other available state court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the

states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636 (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). While narrow exceptions to this rule exist, nothing about Mr. Ashford's allegations raise any of the "special circumstances" that might trigger one of those exceptions.

Accordingly, Mr. Ashford's Motion for Writ of Habeas Corpus should be dismissed.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, that Petitioner Charles Ashford's habeas petition be DISMISSED, WITHOUT PREJUDICE.

DATED this 30th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE